IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| OREGON TANK & EQUIPMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 05-6330-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARVIN KLITZKE and WALDENS OF EUGENE, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Oregon Tank and Equipment, Inc. filed this action for trademark infringement, breach of fiduciary duty, misappropriation, and breach of promissory note on October 26, 2005. Defendant Marvin Klitzke filed a pro se answer containing counterclaims for breach of contract, harassment, fraud, exemplary damages, and costs. Defendant has already been ordered to file amended counterclaims to plead the fraud claims with particularity.

Plaintiff now moves for partial summary judgment as to defendant's first counterclaim for breach of contract. In addition, plaintiff seeks partial summary judgment as to its claims for breach of promissory note and attorneys' fees.

Plaintiff alleges that defendant Klitzke executed as a borrower and guarantor a promissory note in the amount of $26,450 on April, 5, 2003. The original payees of the note are Charlotte and Richard Walden. Plaintiff alleges that Charlotte and Richard Walden assigned the note to plaintiff on December 9, 2004. Plaintiff contends that Klitzke has failed to make payments on the note and therefore the notes is in default. Under the terms of the note, the note is immediately due and payable in the principal amount of $23,000. The terms of the note also require payment of attorney's fees in the event of default.

The note identifies "Walden's of Eugene" and "Marvin Klitzke" as borrowers and Marvin Klitzke as guarantor of payment due under the note. Plaintiff submits a document in which the Waldens assign the note to plaintiff in return for $10.00 and other unidentified consideration.[1] Defendant responds that James Banks, the President of plaintiff, Oregon Tank and Equipment, agreed to pay off the promissory note as part of the purchase of Old Waldens. Indeed, Banks submits an "assignment of member interest" executed by

---

[1] In the declaration of James Banks, Banks asserts that he and plaintiff paid numerous expenses of Old Waldens. Declaration of James Banks (#36) at p. 1.

2 - ORDER

defendant Klitzke as evidence plaintiff's acquisition of Old Waldens.  <u>See</u> Exhibit A attached to the Declaration of James Banks.

The assignment does not indicate what if any consideration Klitzke received.  Banks declares that there was never any promise to pay the promissory note by him or plaintiff as part of the consideration for Old Waldens.  Thus, there is an issue of fact as to whether Klitzke owes plaintiff under the promissory note.  Defendant's own declaration that plaintiff agreed to pay the note as part of the deal to purchase Old Waldens is competent evidence sufficient to withstand a motion for summary judgment.  Accordingly, plaintiff's motion for summary judgment is denied as to its breach of promissory note and attorney's fees claims.

In addition, plaintiff's motion for summary judgment as to defendant's first counterclaim is similarly denied.  Defendant alleges that Banks entered into an agreement to pay Klitzke $150,000 and to pay the promissory note for the sale of Waldens and employment of Klitzke.  Plaintiff does nothing more than contradict defendant's claims with Bank's assertions.  Resolution of the competing assertions is for a trier of fact.

The court notes that in his response to the motion for summary judgment, defendant indicates that he is entitled to summary judgment as to his first, second, fourth and fifth counterclaims.  Defendant has not appropriately moved for summary judgment and the

record does not support summary judgment at this stage of the proceedings.

## CONCLUSION

For the reasons stated above, plaintiff's motion for partial summary judgment (#32) is denied.

DATED this   15th   day of May, 2006.

                                            s/ Michael R. Hogan
                                         United States District Judge